

**EOD**
02/02/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 04-20573 |
| CLAY C. MARTIN and | § | |
| KRISTIN K. MARTIN | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |

## ORDER CONFIRMING THE DEBTORS' THIRD AMENDED CHAPTER 13 PLAN AND RELATED ORDERS

After notice and a hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, the Court finds:

1. Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2. All scheduled creditors have been served with a copy of the Debtor's Chapter 13 Plan, or a summary thereof in accordance with Rule 3015.

3. The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4. With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan or in the alternative

    a. The Plan provides that the holder of such claim retain the lien securing such claim; and

    b. The value, as of the effective date of the Plan, of property to be

distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

 c. The Debtor has surrendered or abandoned the collateral securing the claim; or

 d. The treatment of the claim complies with 11 U.S.C., Sec.1322(b)(5).

IT IS ORDERED THAT:

1. The Debtor's Plan is confirmed.

2. The Debtors have paid $973.00 per month for 7 months, $1,105.00 per month for 3 months and $980.00 per month for 3 months, beginning on the 17th day of January, 2005, through the 17th day of January, 2006, and beginning the 17th day of February, 2006, Debtors will pay $1,030.00, together with any income tax refunds the debtor receives during the life of the plan, per month for 27 months, on the 17th day of each month thereafter for a total of $40,876.00 to Ronald E. Stadtmueller, Trustee, payable in Tyler, Smith County, Texas, until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or until further order of the Court.

3. The Trustee shall make disbursements pursuant to the provisions of the Plan, Section 1326 of the Bankruptcy Code, and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor shall not incur additional debt during the term of this Plan except upon written approval of the Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

5. The order of payment, unless otherwise directed, shall be:

   a. The percentage fee fixed for the Trustee pursuant to 28 U.S.C. Sec. 586;

   b. Any unpaid claim of the kind specified in Section 507(a) of Title 11 U.S.C.;

   c. Creditors whose claims are timely filed and allowed in such amount and order of preference as may be provided adequate protection of the interest of an entity with an interest in property of the estate as ordered by the Court, or as deemed necessary within the discretion of the Trustee.

6. The following secured claims are known to the Court at this time and are allowed as follows:

| Name of Creditor | Allowed Amount of Claim | Rate of Interest | No. of Months | Total Amt. to be paid |
|---|---|---|---|---|
| Omni American CU (2002 Chevy Avalanche) | $19,796.83 | 8.00% | 36 @ $620.38 | $22,332.96 |

7. The following secured claims are not dealt with in the Debtor's Plan, and therefore, the automatic stay provisions of 11 U.S.C. Sec. 362 are hereby terminated and annulled with respect to each of the following claims:

**Wells Fargo Home Mortgage – home was sold, proceeds were used to pay off the loan against the property**

**Wells Fargo – 1995 Infiniti J-30 – vehicle was totaled and insurance company paid off the debt**

8. The Debtors, in lieu of the Trustee, shall make disbursements on the following portions of secured claims dealt with in the Plan under 11 U.S.C. Sec. 1322(b)(5):

**Yamaha Motor Corp – regular monthly motorcycle payment**

9. The following priority, administrative, debtor attorney fee and specially classified claims are known to the Court at this time and are allowed as follows.

| Name of Creditor | Allowed Amount of Claim | Total Amount to be Paid | Number of months |
|---|---|---|---|
| George S. Lemon, Jr. | $1,800.00 | $1,800.00 | First Funds Available |

10. All funds remaining after payment of the allowed secured, priority, administrative and debtor attorney fee claims specifically provided for in the debtor's Chapter 13 Plan hereby confirmed shall be distributed pro rata among the unsecured creditors whose claims have been duly filed and allowed.

Each secured creditor described herein shall retain the lien existing prior to the commencement of the case to secure payment of the allowed amount of its claim.

The foregoing provisions regarding secured and priority claims are based upon claims that have been filed or otherwise disclosed to the Court as of this date. The Court retains jurisdiction to review this Order upon the request of any interested party if additional claims are filed and allowed subsequent to the entry of this Order, which would render inaccurate the Court's findings in paragraph 3 and 4.

SIGNED: FEB 1 2006

_____
PRESIDING JUDGE

APPROVED AS TO FORM & CONTENT:

_____
Ronald E. Stadtmueller, Standing
Chapter 13 Trustee
John J. Talton, Staff Attorney

_____
George S. Lemon
Attorney for Debtor